UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BH MANAGEMENT SERVICES, LLC, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:22-CV-837-SDJ |
| B.H. PROPERTIES, LLC | | |

## MEMORANDUM OPINION AND ORDER

This trademark dispute arises between competitors in the real estate business. Both parties use "BH" lettering in connection with their businesses, which has allegedly caused confusion. Plaintiff BH Management seeks, inter alia, an injunction against Defendant B.H. Properties preventing it from using the "BH" lettering. Defendant B.H. Properties argues that BH Management's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is barred by laches and it fails to plausibly allege that B.H. Properties' use of the lettering creates a likelihood of confusion. (Dkt. #13, #19).

Because the Court finds that B.H. Properties failed to show that it was unduly prejudiced by BH Management's delay, its laches argument fails. Further, the Court finds that BH Management has plausibly alleged that B.H. Properties' use of the lettering creates a likelihood of confusion. Therefore, the Court concludes that B.H. Properties' Motion to Dismiss, (Dkt. #13), should be **DENIED**.

### I. BACKGROUND

BH Management has used the "BH" trademark in connection with its real estate business since at least 1989. It registered the "BH" mark in 2006, and has since

1

registered other related marks all bearing the lettering "BH." BH Management believes that these marks "create[] a landscape of trademark protection in the real estate industry with a unified, common, and central 'BH' identifier." (Dkt. #1 ¶ 25).

B.H. Properties also uses "BH" lettering in its real estate business, which operates in many of the same States as BH Management. BH Management alleges that the mark B.H. Properties uses is "facially similar" to BH Management's marks. It alleges that B.H. Properties emboldens the letters "BH," which it argues is likely to lead consumers to "notice and recall 'BH' as the dominant portion of the mark, thus causing them to confuse or associate" B.H. Properties with BH Management. (Dkt. #1 ¶ 48). It further alleges that the similarities have led to actual instances of confusion. According to BH Management, (1) its employees have been asked if they work for B.H. Properties, (2) B.H. Properties' vendors have mistakenly called BH Management, and (3) B.H. Properties' tenants have mistakenly called BH Management. BH Management has allegedly "demanded that [B.H. Properties] cease and desist from using the BH mark," but B.H. Properties "has refused." (Dkt. #1 ¶ 51). BH Management subsequently filed this suit against B.H. Properties for trademark infringement and related violations of law.

B.H. Properties now moves to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a

2

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When assessing a motion to dismiss under Rule 12(b)(6), the facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). To determine whether the plaintiff has pleaded enough to "nudge[] [its] claims . . . across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Ashcroft*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). This threshold is surpassed when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In conducting this review, a court's inquiry is limited to "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III. DISCUSSION

B.H. Properties asserts three independent reasons for dismissal: (1) BH Management's claims are barred by laches, (2) BH Management failed to plausibly allege a likelihood of confusion, and (3) BH Management failed to state a claim of

3

relief for false designation of origin. (Dkt. #13, #19). The Court will address each of these arguments in turn.

**A. Laches**

At the outset, B.H. Properties argues that BH Management's infringement claims should be dismissed under the equitable doctrine of laches. "Laches is 'an inexcusable delay that results in prejudice to the defendant.'" *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489 (5th Cir. 2008) (quoting *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998)). "Laches comprises three elements: (1) delay in asserting one's trademark rights, (2) lack of excuse for the delay, and (3) undue prejudice to the alleged infringer caused by the delay." *Id.* at 489–90 (citation omitted). By its nature, a laches analysis is a highly factual calculation. *See Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1161 (5th Cir. 1982) ("LACHES = DELAY x PREJUDICE, a factual calculation of the trial court." (internal quotation marks and citation omitted)). Laches "is an affirmative defense, and the party asserting it has the burden of proof." *In re Bohart*, 743 F.2d 313, 326 n.13 (5th Cir. 1984). Generally, affirmative defenses are "not appropriate grounds on which to dismiss a complaint under a Rule 12(b)(6) motion, unless a successful defense is apparent from the facts pleaded and judicially noticed." *United States ex rel. Parikh v. Citizens Med. Ctr.*, 977 F.Supp.2d 654, 668–69 (S.D. Tex. 2013) (quotation omitted).

The Court finds that B.H. Properties is not entitled to dismissal based on laches. Even assuming, arguendo, that it can show that BH Management inexcusably

4

delayed in asserting its rights, it has not shown that it suffered undue prejudice from the delay.

The undue prejudice prong asks whether the defendant had made significant business decisions in reliance on the plaintiff's conduct. Examples include "whether the defendant 'ma[de] major business investments or expansions that depend[ed] on the use of the marks,' 'buil[t] up a valuable business around . . . [the plaintiff's] trademark' which would be lost if the mark could no longer be used, or, by foregoing the use of the mark, would have 'destroyed the investment of capital in the [business].'" *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 297 (5th Cir. 2015) (citations omitted).

To succeed on this element, B.H. Properties must show that the Complaint affirmatively demonstrates undue prejudice. This is because "[a]t the motion to dismiss stage, the Court is limited to reviewing the four corners of the Complaint." *Crystaphase Prods., Inc. v. Criterion Catalysts & Techs., LP*, No. 3:17-CV-265, 2018 WL 4266237, at *8 (N.D. Tex. Aug. 20, 2018); *see also Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011) (noting that for a motion to dismiss, "our factual universe is bounded by the four corners of the complaint").

B.H. Properties directs the Court to allegations in the Complaint about B.H. Properties' expansions—including the expansions that occurred *after* BH Management became aware of B.H. Properties' alleged infringement. (Dkt. #13 at 16). B.H. Properties argues that "[f]orcing B.H. Properties to stop using its name or change its name would completely destroy over 30 years of B.H. Properties'

5

investment and growth of its business, including growth and development over the last six years when Plaintiffs indisputably could have filed suit." (Dkt. #13 at 16).

While this assertion may prove to be correct, it does not support a finding of undue prejudice at this stage. True, the Complaint alleges that B.H. Properties expanded—even after the time BH Management knew of its existence—but it does not show that B.H. Properties did so "in reliance on [BH Management's] conduct." *See Pennzoil-Quaker State Co.*, 779 F.3d at 297. The ultimate resolution of this issue likely "necessitate[s] a fact intensive inquiry, well beyond the face of the pleadings." *Bd. of Comm'rs v. New Orleans Terminal, LLC*, No. 11-2899, 2013 WL 5934609, at *3 (E.D. La. Oct. 31, 2013). Therefore, dismissal pursuant to Rule 12(b)(6) is improper.

## B. Likelihood of Confusion

"To plead a claim for trademark infringement in violation of the Lanham Act, a plaintiff must allege that: (1) the plaintiff possesses a legally protectable trademark and (2) the defendant's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship." *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (cleaned up).[1] B.H. Properties does not challenge the first element. Instead, it argues that BH Management's claims should be dismissed for failure to allege a likelihood of confusion. (Dkt. #13 at 17–22).

"To evaluate whether there is a likelihood of confusion," courts in this circuit turn to the following list of non-exhaustive factors: "(1) the type of trademark; (2)

---

[1] "A trademark infringement action under Texas common law is analyzed in the same manner as a Lanham Act claim." *Viacom Int'l v. IJR Cap. Invs., L.L.C.*, 891 F.3d 178, 184 (5th Cir. 2018). Thus, the following analysis also applies to BH Management's common law claims.

6

mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Jim S. Adler, P.C.*, 10 F.4th at 427 (quoting *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009)). These "digits of confusion" are "fact-specific and flexible, and no digit is dispositive." *Id.* (cleaned up).

"At the motion to dismiss stage, the court—without having to consider each factor—asks only whether there are sufficient facts to state a plausible claim of consumer confusion." *Varsity Spirit LLC v. Varsity Tutors, LLC*, No. 3:21-CV-432, 2022 WL 1266030, at *6 (N.D. Tex. Apr. 28, 2022) (footnote omitted). "Whether these facts will ultimately be enough to prove a likelihood of confusion is not the inquiry at this stage; the Court's task is only to consider whether [BH Management's] allegations are sufficient to make it more than merely speculative that [it] might be entitled to relief." *YETI Coolers, LLC v. JDS Indus., Inc.*, 300 F.Supp.3d 899, 906 (W.D. Tex. 2018) (footnote omitted).

The Court finds that BH Management's allegations are sufficient to survive dismissal. BH Management alleges that it uses the BH trademark in its real estate business to "advertise, promote, and sell its services, and to identify and distinguish its services from the services of other companies." Since 2006, BH Management has been the owner of numerous registered trademarks, all bearing the "BH" lettering. BH Management uses these marks in twenty-five States and the District of Columbia.

B.H. Properties is also in the real estate business, and also uses a BH mark. B.H. Properties owns properties in fifteen States and territories, including eleven States in which BH Management operates. BH Management alleges that the mark that B.H. Properties uses is "facially similar" to its mark. It further alleges that the emphasis B.H. Properties places on the "BH" is likely to lead consumers to "notice and recall 'BH' as the dominant portion of the mark, thus causing them to confuse or associate" B.H. Properties with BH Management. (Dkt. #1 ¶ 48). BH Management also alleges "actual instances of confusion" caused by the marks and provides examples of such confusion. (Dkt. #1 ¶ 46).

Despite these allegations, B.H. Properties asserts that BH Management has failed to allege a plausible likelihood of confusion. (Dkt. #13 at 17–22). It claims that BH Management did not allege sufficient facts to establish several digits of confusion. For example, it claims that BH Management has failed to include "*any* allegation that any consumer *actually* was confused by the names of the entities."[2] (Dkt. #13 at 19). But, at this stage, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*,

---

[2] B.H. Properties also argues that BH Management failed to plausibly allege that (1) potential customers would not exhibit the highest degree of care, (2) B.H. Properties acted in bad faith, and (3) BH Management's mark is unique. (Dkt. #13 at 19–22). First, "[n]o one factor is dispositive, and a finding of a likelihood of confusion does not even require a positive finding on a majority of these 'digits of confusion.'" *Elvis Presley Enters.*, 141 F.3d at 194 (citation omitted). Thus, even if B.H. Properties is correct on these points, that does not preclude a finding that there is a likelihood of confusion. Second, a final resolution of the likelihood of confusion here requires a fact-intensive analysis that is not appropriate when considering a motion to dismiss. *See Jim. S. Adler, P.C.*, 10 F.4th at 427. Since BH Management has plausibly alleged a likelihood of confusion, the 12(b)(6) motion fails. However, overcoming a motion to dismiss does not equate to success on the causes of action: B.H. Properties may nevertheless prevail on summary judgment or at trial.

8

495 F.3d at 205. In its Complaint, BH Management alleges numerous examples of confusion, albeit not all are examples of consumer confusion. (Dkt. #1 ¶ 46). It states that, on several occasions, individuals—including B.H. Properties' tenants—have mistakenly contacted BH Management instead of B.H. Properties. The Court finds that these allegations and all the other allegations in the Complaint—taken as true—are enough to overcome a 12(b)(6) motion to dismiss. BH Management has claimed a right to relief that rises above the speculative level. *See YETI Coolers*, 300 F.Supp.3d at 906. Thus, the Court holds that BH Management has plausibly alleged a likelihood of confusion.

## C. False Designation of Origin

The parties agree that the elements of false designation of origin under 15 U.S.C. § 1125(a)(1)(A) are identical to the elements of a federal trademark claim.[3] (Dkt. #18 at 29); (Dkt. #19 at 11); *see Varsity Spirit*, 2022 WL 1266030, at *9–10 (collecting cases); *see also Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir. 1980) (noting that a false designation of origin claim can only succeed if the "defendants' use of the mark is likely to be confused" with the plaintiff's mark); *Am. Century Proprietary Holdings, Inc. v. Am. Century Cas. Co.*, 295 F.App'x 630, 634 (5th Cir. 2008) (per curiam) ("Likelihood of confusion is the central evidentiary test for . . . false designation of origin under the Lanham Act.").[4] B.H. Properties argues that BH

---

[3] In its Complaint, BH Management did not specify whether it is suing under Section 1125(a)(1)(A) or Section 1125(a)(1)(B). However, BH Management has since clarified that it is seeking relief under Section 1125(a)(1)(A). Therefore, the Court construes BH Management's claim under Section 1125(a)(1)(A).

[4] Not all courts are in accord, as some courts require different elements for a false designation of origin claim. *See Varsity Spirit*, 2022 WL 1266030, at *10 n.26 (collecting

9

Management's false designation of origin claims should be dismissed because BH Management "fail[ed] to allege a likelihood of confusion sufficient to overcome a motion to dismiss." (Dkt. #19 at 11). For the same reasons described above, the Court finds that BH Management has sufficiently alleged a likelihood of confusion; thus, this Court will deny B.H. Properties' motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant B.H. Properties' Motion to Dismiss, (Dkt. #13), is hereby **DENIED**.

**So ORDERED and SIGNED this 28th day of September, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

cases). Nonetheless, the Court agrees with the parties that the elements of a false designation of origin claim are identical to the elements of a federal trademark claim.

10